**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUZ M. TAMAYO,<br><br>              Plaintiff,<br><br>v.<br><br>AMERICAN CORADIOUS<br>INTERNATIONAL, L.L.C.,<br><br>              Defendant. | Civil Action No.: 11-6549 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant American Coradious International, LLC ("Defendant" or "ACI")'s Motion to Dismiss Plaintiff Luz M. Tamayo ("Plaintiff")'s Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 4]. The Court has reviewed Defendant's submissions made in support of said motion to which Plaintiff has filed no opposition. The Court considers the motion on the papers without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff's FDCPA and invasion of privacy claims are dismissed without prejudice, and Plaintiff has thirty (30) days in which to amend said claims to cure the pleading deficiencies addressed herein.

## I. BACKGROUND

Plaintiff commenced this action by filing a Complaint on September 28, 2011 against ACI in the Superior Court of New Jersey, Law Division – Special Part, Hudson

County. (Not. of Removal, Ex. A). The factual allegations stated in Plaintiff's Complaint consist in a general statement that ACI "attempted to collect a debt that falls within the definition of 'debt' for purposes of 15 U.S.C. § 1692a(5)." (Compl., ¶ 7). In so doing, the Complaint alleges, ACI "misrepresent[ed] the amount owed, if indeed any debt exists," and "repeatedly made harassing class to Plaintiff during their collection efforts." (Id., ¶¶ 8-9). Finally, the Complaint asserts that "Plaintiff was caused mental suffering and shame as a result of receiving repeated and continuous harassing telephone calls from [ACI]." (Id., ¶ 10). Plaintiff's Complaint alleges no additional facts.

Based on the above facts pled, Plaintiff's Complaint alleges three legal claims: 1) an FDCPA claim pursuant to 15 U.S.C. § 1692e(2) for alleged misrepresentation of the amount owed on Plaintiff's alleged debt; 2) an FDCPA claim pursuant to § 1692d(5) for alleged harassment; and 3) a right to privacy claim for Defendant's alleged invasion of Plaintiff's right to privacy by placing repeated and continuous telephone calls to her. Defendant ACI removed the matter to this Court on November 4, 2011. [Docket Entry No. 1]. On November 22, 2011, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint. [Docket Entry No. 4].

## II. LEGAL STANDARD

In reviewing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008); see also Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 1965 (2007). For a complaint to survive a Rule 12(b)(6)

motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertent mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994). Courts will not dismiss for failure to state a claim merely because the complaint miscategorizes legal theories or does not point to an appropriate statute or law to raise

a claim for relief. See <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 909 n.10 (1990);

<u>Common Cause v. Pennsylvania</u>, 558 F.3d 249 (3d Cir. 2009). With this framework in

mind, the Court turns now to Defendant's motion.

## III. DISCUSSION

Defendant ACI seeks dismissal of all claims in Plaintiff's Complaint on two

grounds: 1) Plaintiff has failed to sufficiently allege facts stating violations of the

FDCPA; and 2) Plaintiff's right to privacy claims regarding any attempts by ACI to

collect a debt must fail because she has failed to allege any facts to show ACI invaded

her privacy and New Jersey law prohibits invasion of privacy claims based on debt

collection activity. (Def.'s Mem. Supp. Mot. Dismiss, at 3-5).

### 1. Plaintiff's FDCPA Claims

#### a. FDCPA § 1692e(2) Claim

Section 1692e(2) of the FDCPA provides that:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a violation of this section:
. . .
(2) the false representation of—
      (A) the character, amount, or legal status of any debt; or
      (B) any services rendered or compensation which may be lawfully
      received by any debt collector for the collection of a debt.

Plaintiff's Complaint alleges a violation of § 1692e(2) of the FDCPA based on

Defendant's alleged misrepresentation "of the amount owed [on a debt], if indeed any

debt exists." (Compl., ¶ 8). Defendant argues that, aside from the mere statement in

Plaintiff's Complaint that Defendant misrepresented the amount of debt owed, Plaintiff

provides no facts to support her claim. (Def. Mem. Supp. Mot. Dismiss, at 4). Further,

Defendant argues that Plaintiff failed to allege: 1) the amount of the debt that ACI

allegedly misrepresented; 2) how, when or what ACI allegedly misrepresented; and 3) whether Plaintiff disputed the debt in accordance with the dispute procedures set out in 15 U.S.C. § 1692g(b) of the FDCPA.

Having reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's § 1692e(2) claim fails to meet the pleading requirement of Rule 8(a). Even accepting Plaintiff's factual allegations as true and drawing reasonable inferences in favor of Plaintiff, Plaintiff has failed to raise a right to relief on this claim to a sufficient level of plausibility considering the scarce amount of facts alleged. For example, Plaintiff fails to allege facts regarding the circumstances of ACI's notice of debt to Plaintiff (for example, the amount ACI claimed that Plaintiff owed; the extent to which this misrepresented Plaintiff's perceived amount owed, if any; the timing of the notice of debt; and whether Plaintiff notified the debt collector in writing to dispute the debt; what information, if any, was given or disclosed on the debt notification, etc.). To the extent that Plaintiff's claim of ACI's false or misleading representations can be remedied by an amendment, the Court will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein. Plaintiff's failure to file such an Amended Complaint by such date will result in the dismissal of Plaintiff's § 1692e(2) claim with prejudice.

### b. FDCPA § 1692d(5) Claim

Section 1692d(5) of the FDCPA provides that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Plaintiff's Complaint asserts a claim under § 1692d(5) based on the following alleged fact: "American Coradious International, LLC repeatedly made harassing calls to Plaintiff during their collection efforts." (Compl., ¶ 9). Defendant argues that this statement is not sufficient on its own to establish a claim upon which relief can be granted since no facts are alleged to support the claim regarding when the alleged calls occurred, who attempted to contact Plaintiff, what was discussed or disclosed regarding any alleged debt collection, and in what way this constituted harassment, for example, by alleging statements made that were rude or abusive.

Again, having reviewed the facts alleged in Plaintiff's Complaint, the Court agrees with Defendant that Plaintiff's § 1692d(5) claim fails to meet the pleading requirement of Rule 8(a). Plaintiff makes only a conclusory assertion regarding harassment without providing sufficient fair notice to Defendant regarding the nature of Plaintiff's claim and the grounds upon which it rests. This Court has held that two alleged phone calls made over a two-month period did not sufficiently plead a violation of § 1692d(5) since they do not show that defendants made repeated or continuous calls with the intent to annoy, abuse or harass the plaintiff. See Sutton v. New Century Fin. Servs., 2006 U.S. Dist. LEXIS 48998 (D.N.J. July 17, 2006). District courts have found that a high volume of calls alone may be sufficient to state a plausible claim that a debt collector engaged in harassing conduct. See, e.g., Carr v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 145993 (E.D. Pa. Dec. 20, 2011)(holding that plaintiff survived a Rule 12(b)(6) motion to dismiss when she alleged nine calls were made to her home phone from

defendant over a thirty day period); <u>Valentine v. Brock & Scott, PLLC</u>, 2010 U.S. Dist. LEXIS 40532 (D.S.C. Apr. 26, 2010)(holding that a plaintiff survived a Rule 12(b)(6) motion under the FDCPA where she alleged the defendant made eleven calls in 19 days); <u>Brown v. Hosto & Buchan, PLLC</u>, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010)(holding that a plaintiff survived a Rule 12(b)(6) motion under the FDCPA where the defendant called her 17 times in a month and used an automatic telephone dialing system).  Without more facts regarding the nature and extent of any harassing phone calls, the pattern of such calls, or the substance of any representations made during such calls, the Court cannot find that Plaintiff's claim under § 1692d(5) was sufficiently pled.  To the extent that Plaintiff's § 1692d(5) claim can be remedied by an amendment, the Court will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein, and failure to so file by such date will result in the dismissal of Plaintiff's § 1692d(5) claim with prejudice.

**2.  Plaintiff's Right to Privacy Claims**

Plaintiff's Complaint makes the following factual allegation regarding Defendant's invasion of her privacy: "[ACI] invaded Plaintiff's right of privacy by placing repeated and continuous telephone calls to Plaintiff that would be considered highly offensive to a reasonable person." (Compl., at 2).  Defendant makes two arguments as to why such factual allegations should be dismissed: 1) Plaintiff fails to allege any facts showing that ACI invaded her privacy; and 2) New Jersey law prohibits an invasion of privacy claim based on debt collection activities.  (Def. Mem. Supp. Mot. Dismiss, at 5).

To establish a prima facie case of invasion of privacy under New Jersey law, a plaintiff must demonstrate: "(1) an intentional intrusion; (2) into the solitude, seclusion, or private affairs of another; (3) that is highly offensive to a reasonable person." Swift v. United Food Commer. Workers, 2008 N.J. Super. Unpub. LEXIS 2577 (N.J. Super. App. Div. July 11, 2008). Plaintiff's right to privacy claim alleges only conclusory statements regarding Defendant's intentional intrusion upon Plaintiff's seclusion and private affairs, and she alleges no reference points to evaluate whether such alleged intrusions would be highly offensive to a reasonable person. Plaintiff only states bald assertions which paraphrase the statutory language of the FDCPA and case law regarding the right to privacy in New Jersey, without indicating the frequency of any "repeated" calls or any other facts regarding harassment as stated above.

Further, the Court finds that Plaintiff's factual allegations as pled concerning her right to privacy claim are insufficient to state a claim under New Jersey's invasion of privacy jurisprudence regarding collections of a debt. New Jersey has adopted the Restatement definition of intrusion upon seclusion:

> 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.'

Bradley v. Atl. City Bd. of Educ., 736 F. Supp. 2d 891, 899 (D.N.J. 2010)(quoting N.O.C., Inc. v. Schaefer, 197 N.J. Super. 249, 254 (Law Div. 1984)(quoting Restatement (Second) of Torts, § 652B)). Restatement § 652B, comment d, provides that "there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course

8

of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." Restatement (Second) of Torts, § 652B, cmt. d (1977). To the extent that Plaintiff's claim can be remedied by amending specific facts rising to the level of such invasion, the Court will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein, and failure to so file by such date will result in the dismissal of Plaintiff's right to privacy claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted** in part and **denied** in part. Plaintiffs FDCPA and right to privacy claims are dismissed <u>without</u> prejudice. Plaintiff has thirty (30) days in which to amend such claims to cure the pleading deficiencies addressed herein. An appropriate Order accompanies this Opinion.

DATED: ~~January~~ Dec 28, ~~2012~~ 2011

Jose L. Linares
United States District Judge

9